**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAYN STEPHENS<br>1706 Hobart Street NW<br>#B<br>Washington, DC 20009 | ) <br> ) <br> ) <br> ) <br> ) |
| ANITA CLARK<br>3754 McKinley Street, NW<br>Washington, DC 20015 | ) <br> ) <br> ) |
| VANESSA CALVILLO<br>8080 Inverness Ridge Road<br>Potomac, MD 20854 | ) <br> ) <br> ) <br> ) |
| SYLVIA RACHAEL KROHN<br>748 Rock Creek Church Road NW<br>Washington, DC 20009 | ) <br> ) <br> ) <br> ) |
| DESMOND PITT<br>5611 Middleton Lane<br>Camp Springs, MD 20748 | ) <br> ) <br> ) <br> ) |
| JEANINE WILLIG<br>4925 New Hampshire Avenue, NW<br>Washington, DC 20011 | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| FARMERS RESTAURANT GROUP<br>1605 Concord Street<br>Suite 201<br>Kensington, MD 20895 | ) <br> ) <br> ) <br> ) <br> ) |
| DANIEL SIMON<br>1605 Concord Street<br>Suite 201<br>Kensington, MD 20895 | ) <br> ) <br> ) <br> ) <br> ) |
| MICHAEL VUCUREVICH<br>1605 Concord Street<br>Suite 201<br>Kensington, MD 20895 | ) <br> ) <br> ) <br> ) |

Civil Action No. _____
**JURY TRIAL DEMANDED**

| | )
|---|---|
| Defendants. | ) |

## **COMPLAINT**

1.     The plaintiffs are current or former employees of the defendants, and they bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) and the District of Columbia Minimum Wage Act (DCMWA), D.C. Code § 32-1012, against the defendants on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation and the minimum wage. Plaintiff Vanessa Calvillo also brings this action as a class action on behalf of herself and all others similarly situated in accordance with Fed. R. Civ. P. 23, the Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL). Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq., the DCMWA, D.C. Code § 32-1001, et. seq., and the District of Columbia Sick Leave Act, § 32-131.01, et. seq., the MWHL, Md. Code. Ann., Lab. & Empl. § 3-401, et seq., and the MWPCL, Md. Code. Ann., Lab. & Empl. § 3-501, et. seq.

## **JURISDICTION AND VENUE**

2.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a). Venue lies within this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.      At all times material herein, each of the plaintiffs has been employed by the defendants, at restaurants operated by defendant Farmers Restaurant Group including, but not limited to, Founding Farmers DC, Farmers Fishers Bakers, and Farmers & Distillers located in Washington, DC.  In addition, Plaintiff Vanessa Calvillo was employed by MoCo's Founding Farmers located in Potomac, MD. Plaintiffs have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b). Such consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the DCMWA. Plaintiffs also bring this action as a class action on behalf of themselves and all others similarly situated in accordance with Fed. R. Civ. P. 23, the MWHL, and the MWPCL.

4.      Defendant Farmers Restaurant Group is a corporation headquartered at 1605 Concord Street, Suite 201, Kensington, MD 20895. Defendant Farmers Restaurant Group's registered agent for service of process in the District of Columbia is District Registered Agent Service, Inc., 1025 Connecticut Avenue, NW Suite 615, Washington, DC  20036.

5.      Defendant Farmers Restaurant Group is an "employer" within the meaning of 29 U.S.C. §203(d), D.C. Code § 32-1002(3), Md. Code Ann., Lab. & Empl. § 3-401(b), and Md. Code Ann., Lab. & Empl. § 3-501(b). Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

6.　　　At all times material to this action, defendant Farmers Restaurant Group has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

7.　　　At all times material herein, defendant Farmers Restaurant Group has been actively conducting business in the District of Columbia and Maryland.

8.　　　Defendants Simon and Vucurevich are the owners of Farmers Restaurant Group. Defendants Simon and Vucurevich are individuals who, upon information and belief, are residents and citizens of the state of Maryland. Defendants Simon and Vucurevich have or do control directly or indirectly the management of defendant Farmers Restaurant Group. Defendants Simon and Vucurevich have conducted business in the District of Columbia, entered into contracts in the District of Columbia, and employed employees in the District of Columbia on behalf of themselves and Farmers Restaurant Group. Defendants Simon and Vucurevich through Farmers Restaurant Group and their own financial interests have actively engaged in business in the District of Columbia are subject to the personal jurisdiction of the District of Columbia for the purposes of this lawsuit.

9.　　　Farmers Restaurant Group maintains a website located at www.farmersrestaurantgroup.com. The website lists the location of all five restaurants affiliated with Farmers Restaurant Group, including the three restaurants located in the District of Columbia: Founding Farmers DC, Farmers Fishers Bakers, and Farmers & Distillers, as well as the MoCo Founding Farmers in Potomac, Maryland. The website also states that Mike Vucuervich and Dan Simons are the owners of Farmers Restaurant Group, and that the first of their restaurants – Founding Farmers DC – opened in 2008.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND DCMWA

10.      Defendants have violated the provisions of the FLSA and DCMWA, resulting in damages to plaintiffs and those similarly situated to plaintiffs in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

11.      As a result of the minimum wage and overtime pay violations of the FLSA and DCMWA, the named plaintiffs, as well as those similarly situated to the plaintiffs, have suffered damages by failing to receive their lawful wages during their tenure of employment with defendants. In addition to the amount of unpaid wages owing to the named plaintiffs, and those similarly situated to the plaintiffs, they are also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. 216(b) and D.C. Code § 32-1012(a).

12.      The plaintiffs and those similarly situated to the plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c).

13.      Defendants' actions in failing to compensate the plaintiffs and other similarly-situated employees of defendants in accordance with the provisions of the FLSA and DCMWA were willful and not in good faith.

14.      There are numerous other similarly situated employees and former employees of defendants who have been improperly compensated in violation of the FLSA and DCMWA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of defendants who have been employed by the

defendants as servers, wait staff, and bartenders in any restaurant owned and/or operated by defendants should receive notice and the opportunity to join the present lawsuit.

15.     Each of the defendants was and/or is a joint employer of some or all of the plaintiffs for the time period in which each defendant was either an employer or acted in the interest of an employer. Each defendant is jointly and severally liable for any damages owing to those plaintiffs, including back pay, liquidated damages and attorneys' fees, for which they were joint employers. The FLSA and DCMWA permit an employee to recover, jointly and severally, from all individuals or entities who are employers or who act in the interest of an employer with respect to the employee under the FLSA or DCMWA.

## CLASS ACTION FOR VIOLATIONS OF THE MWHL AND MWPCL

16.     Defendants have violated the provisions of the MWHL and MWPCL, resulting in damages to Plaintiff Vanessa Calvillo and those in the Maryland Class in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

17.     The Maryland Class is defined as follows: All individuals employed by defendants on an hourly basis who earned tips at MoCo's Founding Farmers at any time within the past three years.

18.     Upon information and belief, there are approximately 400 members of the Maryland Class. Thus, the Maryland Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated members of the Maryland Class are known to defendants, are readily identifiable, and can be located through defendants' work and payroll records.

19.     There are questions of law and fact common to the members of the Maryland Class, including but not limited to whether the defendants violated the MWHL and the MWPCL by failing to pay plaintiffs at the applicable minimum wage and for all hours worked in excess of 40 in a workweek at the rate of one and one-half times the employees' regular rate of pay.

20.     Other common questions of law and fact include, but are not limited to:

(a)     Whether as a result of the minimum wage and overtime pay violations of the MWHL and MWPCL, the named plaintiff, as well as all members of the Maryland Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with defendants and are entitled to an additional amount as liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-427(a) and treble damages pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(b);

(b)     Whether as a result of the minimum wage and overtime pay violations of the MWHL and MWPCL, the named plaintiff and the members of the Maryland Class are also entitled to an award of attorneys' fees pursuant to Md. Code Ann., Lab. & Empl. §§ 3-427(a), 3-507(b); and

(c)     Whether defendants' actions in failing to compensate the named plaintiff and other members of the Maryland Class in accordance with the provisions of the MWHL and the MWPCL were not in good faith.

21.     Each of the defendants was and/or is a joint employer of the Plaintiff Calvillo for the time period in which each defendant was either an employer or acted in the interest of an employer. Each defendant is jointly and severally liable for any damages owing to Plaintiff Calvillo and the Maryland Class, including back pay,

liquidated damages and attorneys' fees, for which they were joint employers. The MWHL and the MWPCL permit an employee to recover, jointly and severally, from all individuals or entities who are employers or who act in the interest of an employer with respect to the employee under the MWHL and the MWPCL.

22.     The claims of plaintiff Vanessa Calvillo are typical of all members of the Maryland Class. Plaintiff Calvillo has the same interests in this matter as all members of the Maryland Class.

23.     Plaintiff Vanessa Calvillo is an adequate class representative, is committed to pursuing this action, and in the undersigned attorneys has retained competent counsel experienced in wage and hour law and class action litigation.

**FACTS**

24.     Defendants operate five restaurants in the District of Columbia, Virginia, and Maryland, including Founding Farmers DC, Farmers Fishers Bakers, and Farmers & Distillers in Washington, D.C. and MoCo's Founding Farmers in Potomac, MD.

25.     Plaintiffs are or were servers or bartenders for defendants at some or all times since June 7, 2014.

26.     At all times relevant herein, defendants paid plaintiffs and those similarly situated $2.77 per hour, employing the tip credit under the DCMWA.

27.     While working for defendants, plaintiffs and those similarly situated were required to purchase uniforms including, but not limited to, specific denim chambray shirts, suspenders, black non-slip shoes, aprons, and bow ties.

28.     While working for defendants, plaintiffs and those similarly situated were required to purchase equipment for use while at work, including, but not limited to, bottle openers, corkscrews, black lighters, and black click-top pens.

29.     Prior to each shift, the plaintiffs and those similarly situated were required to clean, starch, and press their uniforms. At pre-shift meetings, before every shift, defendants' managers would inspect plaintiffs' uniforms.

30.     Prior to each shift, defendants required plaintiffs and those similarly situated to attend pre-shift meetings. Each pre-shift meeting took, on average 15 to 20 minutes. Plaintiffs and those similarly situated were not permitted to clock in to begin being paid until after their pre-shift meetings.

31.     Following their shifts, defendants required plaintiffs and those similarly situated to engage in close-out duties for 30 minutes to two hours per shift. Such close-out duties included, but were not limited to: rolling silverware, resetting tables, polishing silver, and cleaning and setting up the restaurants.

32.     While plaintiffs worked for defendants at multiple locations simultaneously, defendants counted the hours of work at each location separately for purposes of calculating overtime in order to avoid paying overtime to plaintiffs and those similarly situated.

33.     While working for defendants, plaintiffs and those similarly situated did not receive sick leave, regardless of the number of hours that they worked for defendants.

34.     Defendants did not compensate plaintiffs for all hours worked over 40 in a workweek at the proper overtime rate, or one and one-half times the hourly tip credit claimed by defendants.

35.     Defendants required plaintiffs to pool their tips and share tip proceeds with staff who do not customarily and regularly receive tips and gratuities, including their managers.

## COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.     Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-35 above.

37.     At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

38.     For the past three years, and prior, defendants have applied a "tip credit" pursuant to 29 U.S.C. 203(m) toward the minimum wage owed to plaintiffs and other persons employed as servers, wait staff and bartenders at its restaurants.

39.     At all times material herein, plaintiffs have worked in excess of the hourly levels for overtime compensation specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

40.     For the past three years, and prior, defendants have consistently denied plaintiffs and similarly situated employees the minimum wage and overtime compensation to which they are entitled under the FLSA by —

a.      Requiring plaintiffs to purchase uniforms including, but not limited to, shirts, pants, bow ties, aprons, suspenders, and shoes;

b.      Requiring plaintiffs to pay for the cost of cleaning and starching their uniforms;

c.     Requiring plaintiffs to purchase items or tools required to be used in performing their job such as corkscrews, pens, and lighters;

d.     Applying the tip credit to the plaintiffs' work hours when they perform duties for which they cannot earn tips such as time they spend sweeping, cleaning, and preparing the restaurants to open before their shifts and performing cleaning and work activities at the end of their shifts to close the restaurant;

e.     Failing to compensate plaintiffs for time spent participating in mandatory pre-shift meetings before the start of each shift at defendants' restaurants;

f.     Failing to pay plaintiffs one and one-half times their regular rate of pay for hours worked over 40 hours in a work week;

g.     Counting hours working at defendants' restaurants separately from each other in order to avoid paying overtime under the FLSA and DCMWA; and

h.     Requiring plaintiffs to share or "pool" tips and gratuities with employees who do not customarily receive tips and gratuities, including managers.

41.     At all times material herein, defendants have utilized a tip credit to pay plaintiffs the minimum wage to which they have been entitled under 29 U.S.C. § 206(a)(1).

42.     29 U.S.C. § 206(a)(1) provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $7.25 per hour. 29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. 29 U.S.C. § 203(m) further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar

as an employer utilizes a tip pool among employees who customarily and regularly received tips. At all times material herein, defendants have violated, and continue to violate, 29 U.S.C. § 206(a)(1) by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

43.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer. This results in a wage less than that to which plaintiffs are entitled under law – i.e., less than the minimum wage.

44.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to purchase equipment used primarily for the benefit of the employer. This results in a wage less than that to which plaintiffs are entitled under law – i.e., less than the minimum wage.

45.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiffs cannot earn tips. These hours include, but are not limited to, time performing close out duties such as when plaintiffs and other similarly situated employees have performed cleaning services, set up and closed down the restaurant, and similar types of activities.

46.     Defendants have also deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring plaintiffs to share tips and gratuities with employees who would not customarily or regularly receive tips and gratuities, including their managers.

47.     Defendants have deprived the plaintiffs and other similarly situated employees of overtime compensation mandated under the FLSA by failing to pay overtime at the rate of one and one-half times plaintiffs' regular rates of pay by, *inter alia*, failing to compensate plaintiffs for pre-shift work attending meetings and failing to count hours worked at different restaurants operated by defendants toward the overtime threshold. This violates the overtime requirements of section 207(a) of the FLSA, 29 U.S.C. § 207(a).

48.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

49.     As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

50.     The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendant, and plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

## COUNT TWO – VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT

51.     Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-50 above.

52.     At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the DCMWA, D.C. Code § 32-1001, et. seq.

53.     For the past three years, and prior, defendants have applied a "tip credit" pursuant to D.C. Code § 32-1002(4) toward the minimum wage owed to plaintiffs and other persons employed as servers, wait staff, and bartenders at its restaurants.

54.     At all times material herein, plaintiffs have worked in excess of the hourly levels for overtime compensation specified in the DCMWA, D.C. Code § 32-1003(c). As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

55.     For the past three years, and prior, defendants have consistently denied plaintiffs and similarly situated employees the minimum wage and overtime compensation to which they are entitled under the DCMWA by —

a.      Requiring plaintiffs to purchase uniforms including, but not limited to, shirts, pants, bow ties, aprons, suspenders, and shoes;

b.      Requiring plaintiffs to pay for the cost of cleaning and starching their uniforms;

c.      Requiring plaintiffs to purchase items or tools required to be used in performing their job such as corkscrews, pens, and lighters;

d.      Applying the tip credit to the plaintiffs' work hours when they perform duties for which they cannot earn tips such as time they spend sweeping, cleaning, and preparing the restaurants to open before their shifts and performing cleaning and work activities at the end of their shifts to close the restaurant;

e.       Failing to compensate plaintiffs for time spent participating in mandatory pre-shift meetings before the start of each shift at defendants' restaurants;

f.       Failing to pay plaintiffs one and one-half times their regular rate of pay for hours worked over 40 hours in a work week;

g.       Counting hours working at defendants' restaurants separately from each other in order to avoid paying overtime under the DCMWA; and

h.       Requiring plaintiffs to share or "pool" tips and gratuities with employees who do not customarily receive tips and gratuities, including managers.

56.     At all times material herein, defendants have utilized a tip credit to pay plaintiffs the minimum wage to which they have been entitled under D.C. Code § 32-1002(4).

57.     At various times applicable to this case, DCMWA has provided, pursuant to D.C. Code § 32-1003, differing minimum wage rates. Prior to July 1, 2014, the minimum wage was $8.25 per hour. From July 1, 2014 to June 30, 2015, the minimum wage was $9.50 per hour. From July 1, 2015 to June 30, 2016, the minimum wage was $10.50 per hour. Since July 1, 2016, the minimum wage has been $11.50 per hour. D.C. Code § 32-1003(f) provides that a tipped employee shall be paid a wage of not less than $2.77 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. D.C. Code § 32-1003(f) further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar as an employer utilizes a tip pool among employees who customarily and regularly received tips. At all times material herein, defendants have violated, and

continue to violate, D.C. Code § 32-1003 by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

58.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer. This results in a wage less than that to which plaintiffs are entitled under law – i.e., less than the minimum wage.

59.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to purchase equipment used primarily for the benefit of the employer. This results in a wage less than that to which plaintiffs are entitled under law – i.e., less than the minimum wage.

60.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiffs cannot earn tips. These hours include, but are not limited to, time spent performing close out duties such as when plaintiffs and other similarly situated employees have performed cleaning services, set up and closed down the restaurant, and similar types of activities.

61.     Defendants have also deprived the plaintiffs and others similarly situated employees of the minimum wage by requiring plaintiffs to share tips and gratuities with employees who would not customarily or regularly receive tips and gratuities, including their managers.

62.     Defendants have also deprived the plaintiffs and other similarly situated employees of overtime compensation mandated under the DCMWA by failing to pay overtime at the rate of one and one-half times plaintiffs' regular rates of pay by, *inter*

*alia*, failing to compensate plaintiffs for pre-shift work attending meetings and failing to count hours worked at different restaurants operated by defendants toward the overtime threshold. This violates the overtime requirements of D.C. Code § 32-1003(c).

63. Defendants' violations of the DCMWA as alleged herein have been done in a willful and bad faith manner.

64. As a result of the aforesaid willful violations of the DCMWA, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

65. The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by D.C Code § 32-1008 to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## COUNT THREE – VIOLATION OF THE D.C. SICK LEAVE ACT

66. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-65 above.

67. Pursuant to D.C. Code § 32-131.02, defendants were required to "provide for each employee not less than one hour of paid leave for every 43 hours worked, not to exceed 5 days per calendar year."

68. At all times relevant, defendants failed to provide any paid leave to plaintiffs, and all other similarly situated employees.

69.     Indeed, in violation of D.C. Code §32-131.08, defendants threatened to fire any employee who requested paid leave, opposed defendants' policy and practices of failing to provide paid leave, and/or complained regarding the policy of not providing paid leave.

**COUNT FOUR – VIOLATION OF THE MARYLAND WAGE AND HOUR LAW**

70.     Plaintiff Calvillo repeats and incorporates by reference the allegations set forth in Paragraphs 1-69 above.

71.     At all times material herein, Plaintiff Calvillo has been entitled to the rights, protections, and benefits provided under the MWHL, Md. Code Ann., Lab. & Empl. § 3-401, et. seq.

72.     For the past three years, and prior, defendants have applied a "tip credit" pursuant to Md. Code Ann., Lab. & Empl. § 3-419 toward the minimum wage owed to Plaintiff Calvillo and other persons employed as servers, wait staff and bartenders at its restaurants.

73.     At all times material herein, Plaintiff Calvillo has worked in excess of the hourly levels for overtime compensation specified in the MWHL, Md. Code Ann., Lab. & Empl. § 3-415 and § 3-420. As a result, at all times material herein, plaintiff has been entitled to overtime compensation at a rate of not less than one and one-half times her regular rate of pay for the hours of overtime she has worked.

74.     For the past three years, and prior, defendants have consistently denied Plaintiff Calvillo and other similarly situated employees the minimum wage and overtime compensation to which they are entitled under the MWHL by —

a.     Requiring Plaintiff Calvillo to purchase uniforms including, but not limited

to, shirts, pants, bow ties, aprons, suspenders, and shoes;

b.      Requiring Plaintiff Calvillo to pay for the cost of cleaning and starching her uniform;

c.      Requiring Plaintiff Calvillo to purchase items or tools required to be used in performing her job such as corkscrews, pens, and lighters;

d.      Applying the tip credit to the Plaintiff's work hours when she performs duties for which she cannot earn tips such as time she spends sweeping, cleaning, and preparing the restaurants to open before her shifts and performing cleaning and work activities at the end of her shifts to close the restaurant;

e.      Failing to compensate Plaintiff Calvillo for time spent participating in mandatory pre-shift meetings before the start of each shift at defendants' restaurants;

f.      Failing to pay Plaintiff Calvillo one and one-half times her regular rate of pay for hours worked over 40 hours in a work week;

g.      Counting hours working at defendants' restaurants separately from each other in order to avoid paying overtime under the MWHL; and

h.      Requiring Plaintiff Calvillo to share or "pool" tips and gratuities with employees who do not customarily receive tips and gratuities, including managers.

75.      At all times material herein, defendants have utilized a tip credit to pay plaintiffs the minimum wage to which they have been entitled under Md. Code Ann., Lab. & Empl. § 3-419.

76.      At various times applicable to this case, MWHL has provided, pursuant to Md. Code Ann., Lab. & Empl. § 3-413(c), differing minimum wage rates. Prior to January 1, 2015, the minimum wage was $7.25 an hour. From January 1, 2015 through

June 30, 2015, the minimum wage was $8.00 per hour. From July 1, 2015 through June 30, 2016, the minimum wage was $8.25 per hour. From July 1, 2016 through the present, the minimum wage has been $8.75 per hour. On July 1, 2017, the minimum wage will increase to $9.25 per hour, and it will increase again on July 1, 2018 to $10.10 per hour.

77.     Md. Code Ann., Lab. & Empl. § 3-419 provides that a tipped employee shall be paid a wage of not less than $3.63 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. Md. Code Ann., Lab. & Empl. § 3-419 further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar as an employer utilizes a tip pool among employees who customarily and regularly received more than $30 per month in tips. At all times material herein, defendants have violated, and continue to violate, the MWHL by failing and refusing to compensate Plaintiff Calvillo, and all other members of the Maryland Class, the required minimum wage.

78.     Defendants have deprived Plaintiff Calvillo and all members of the Maryland Class of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer. This results in a wage less than that to which they are entitled under law – i.e., less than the minimum wage.

79.     Defendants have deprived Plaintiff Calvillo and all members of the Maryland Class of the minimum wage by requiring them to purchase equipment used primarily for the benefit of the employer. This results in a wage less than that to which they are entitled under law – i.e., less than the minimum wage.

80.     Defendants have deprived Plaintiff Calvillo and all members of the Maryland Class of the minimum wage by improperly applying the tip credit to hours of

work in which they cannot earn tips. These hours include, but are not limited to, time spent performing close out duties such as when Plaintiff Calvillo and other similarly situated employees have performed cleaning services, set up and closed down the restaurant, and similar types of activities.

81.     Defendants have also deprived Plaintiff Calvillo and all members of the Maryland Class of the minimum wage by requiring them to share tips and gratuities with employees who would not customarily or regularly receive tips and gratuities, including their managers.

82.     Defendants have also deprived Plaintiff Calvillo and all members of the Maryland Class of overtime compensation mandated under the MWHL by failing to pay overtime at the rate of one and one-half times their regular rates of pay by, *inter alia*, failing to compensate them for pre-shift work attending meetings and failing to count hours worked at different restaurants operated by defendants toward the overtime threshold. This violates the overtime requirements of Md. Code Ann., Lab. & Empl. § 3-415 and § 3-420.

83.     Defendants' violations of the MWHL as alleged herein have been willful and done in a bad faith manner.

84.     As a result of the aforesaid violations of the MWHL, compensation has been unlawfully withheld by defendants from Plaintiff Calvillo and all members of the Maryland Class for which the defendants are liable, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

85.     The employment and work records for Plaintiff Calvillo and the Maryland Class are in the exclusive possession, custody, and control of defendant, and Plaintiff Calvillo and the Maryland Class are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by Md. Code Ann., Lab. & Empl. § 3-424 to maintain and preserve payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## COUNT FIVE – VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

86.     Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-85 above.

87.     The Maryland Wage Payment and Collection Law requires employers such as Defendants to pay Plaintiff Calvillo and other employees similarly situated all wages earned, including minimum and overtime wages, fully and timely. Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505.

88.     As alleged above, defendants failed to compensate Plaintiff Calvillo and all members of the Maryland Class at the applicable minimum wage and for all overtime compensate at the rate of one and one-half times their regular rate of pay pursuant to Md. Code Ann., Lab. & Empl. § 3-401, et seq. This violates the prompt payment requirements of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501, et seq.

89.     Defendants have deprived Plaintiff Calvillo and all members of the Maryland Class of timely paid wages pursuant to Md. Code. Ann., Lab. & Empl. § 3-502 by failing to pay them their full wages, including minimum wage and overtime compensation, due within the applicable two-week period.

90.     As a result of the aforesaid violations of the MWPCL, compensation has been unlawfully withheld by defendants from Plaintiff Calvillo and all members of the Maryland Class for which the defendants are liable, together with treble damages, as well as interest, reasonable attorneys' fees and the costs of this action. Md. Code Ann., Lab. & Empl. § 3-507.2.

91.     Defendants did not withhold the wages of Plaintiff Calvillo and all members of the Maryland Class as a result of a *bona fide* dispute.

92.     The employment and work records for Plaintiff Calvillo and the Maryland Class are in the exclusive possession, custody, and control of defendants, and Plaintiff and Maryland Class members are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by Md. Code Ann., Lab. & Empl. § 3-424 to maintain and preserve payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs pray that this Court grant relief against the defendants as follows:

(a)     Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

(c)     Award plaintiffs and all others who are similarly situated monetary

damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal and District of Columbia law equal to their unpaid compensation, plus pre-judgment and post-judgment interest;

(d) Award plaintiffs backpay, compensatory damages, and punitive damages pursuant to the D.C. Sick Leave Act, D.C. Code § 32-131.12;

(e) Award plaintiff Calvillo and all members of the Maryland Class monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under Maryland law equal to three times their unpaid compensation, plus pre-judgment and post-judgment interest;

(f) Award plaintiffs, all those similarly situated, and all members of the Maryland Class their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(g) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: June 7, 2017                     Respectfully submitted,


                                        _____/s/ Molly A. Elkin_____
                                        Gregory K. McGillivary, D.C. Bar No. 411029
                                        Molly A. Elkin, D.C. Bar No. 450295
                                        T. Reid Coploff, D.C. Bar No. 998791
                                        WOODLEY & McGILLIVARY LLP

1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (Facsimile)
gkm@wmlaborlaw.com
mae@wmlaborlaw.com
trc@wmlaborlaw.com

*Attorneys for Plaintiffs*