# NOTICE OF LAWSUIT AGAINST FARMERS RESTAURANT GROUP, DANIEL SIMONS AND MICHAEL VUCUREVICH

*SHAYN STEPHENS, et al. v. FARMERS RESTAURANT GROUP, et al.*

*No. 1:17-cv-01087-TJK*

**TO:** All present and former Servers who have worked at any of Defendants' restaurants in D.C., Maryland, and/or Virginia for any time since June 7, 2014.

## 1. INTRODUCTION

The purpose of this Notice is to: (1) inform you of the existence of a lawsuit that you may be interested in joining; (2) advise you of how your rights may be affected by this lawsuit; (3) instruct you on the procedure for joining this lawsuit, should you choose to do so.

## 2. DESCRIPTION OF THE LAWSUIT

A group of eight tipped Servers ("Servers" or "Plaintiffs") who claim they were employed by Farmers Restaurant Group, Daniel Simons and Michael Vucurevich (collectively, "Defendants") have sued Defendants on behalf of themselves and all other similarly situated persons to recover allegedly unpaid wages under the Fair Labor Standards Act (FLSA) and related state laws.

The Plaintiffs claim that they are owed unpaid minimum and overtime wages due to the Defendants' alleged violations of the tip credit, minimum wage, and overtime provisions of these federal and state laws. The Plaintiffs also allege that Defendants violated the D.C. Sick Leave Act for Servers employed in Defendants' restaurants in the District of Columbia.

Plaintiffs seek backpay and related relief for these alleged federal and state law violations going back to June 7, 2014. The claims are described below:

### D.C. Sub-Class Claims

**First,** Plaintiffs employed by Defendants' restaurants in the District of Columbia ("D.C. Sub-Class") allege that Defendants violated the FLSA and District of Columbia minimum wage laws by:

- Requiring its tipped servers to purchase uniforms, including, for example, aprons, bow ties, and button-down shirts, as well as pay for the required dry-cleaning or laundering of the uniform.

- Requiring its tipped servers to purchase items incidental to the restaurant's business, such as corkscrews, lighters, and black ink click-top pens.

- Requiring tipped servers to perform significant amounts of work daily for which they cannot receive tips and for which they should be paid minimum wage instead of the reduced hourly rate they are paid to perform this work. This work includes pre-shift, off-the-clock tasks such as attending daily inspections and meetings with managers to discuss the shift. This work also includes end-of-shift tasks such as folding linens, polishing silverware, bullets, and ramekins, cleaning the wait stations, removing trash, restocking the takeout and to go boxes, restocking condiments, cleaning and restocking beverage stations, polishing wine glasses, and preparing tables.

- Requiring servers to contribute to an invalid tip pool that includes non-tipped employees, such as pastry chefs and stockers.

**Second,** the D.C. Sub-Class further alleges that Defendants violated the FLSA and District of Columbia overtime laws by:

- Failing to properly pay plaintiffs for all hours worked and failing to pay plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. Plaintiffs allege they were not compensated for all of their work time because defendants prohibited them from clocking in until after their mandatory pre-shift meetings. As a result of these policies and practices, plaintiffs allege that when plaintiffs worked more than 40 hours in a workweek they were not paid overtime compensation calculated at time and one-half the regular rate of pay.

**Third,** the D.C. Sub-Class alleges that Defendants violated the D.C. Sick Leave Act by failing to provide plaintiffs with paid sick leave. The D.C. Sub-Class seeks backpay, compensatory damages, punitive damages, and other damages permitted by statute for the D.C. Sick Leave Act violations.

### Maryland Sub-Class

Plaintiffs employed by Defendants' restaurant in Montgomery County, Maryland ("Maryland Sub-Class") allege the same claims as the D.C. Sub-Class described above, except that their claims are brought pursuant to the FLSA and Maryland state law, and they do not assert a claim under the D.C. Sick Leave Act.

### Virginia Sub-Class

Plaintiffs employed by Defendants' restaurant in Tysons Corner, Virginia ("Virginia Sub-Class") allege the same claims as the D.C. Sub-Class described above, except that their claims are brought solely pursuant to the FLSA. In addition, the Virginia Sub-Class does not assert a claim under the D.C. Sick Leave Act, and at this time, they do not have a minimum wage or overtime pay claim for unpaid pre-shift meetings.

Defendants deny the Plaintiffs' claims for all Sub-classes and do not believe that Plaintiffs' claims have merit.

This lawsuit is currently in the early pretrial stage. It is pending in the United States District Court for the District of Columbia. There is no assurance that the Court will grant you any relief in the lawsuit and your right to participate may depend on a later determination that you are not similarly situated or that your opt-in is untimely.

3. **COMPOSITION OF THE CLASS**

Plaintiffs seek to sue on behalf of themselves and also on behalf of all persons who have worked as tipped servers at any of defendants' five restaurants: Founding Farmers DC, Farmers Fishers Bakers, Farmers & Distillers, MoCo's Founding Farmers, or Founding Farmers Tysons, at any time since June 7, 2014.

The collective action class is divided into three sub-classes: (1) individuals who worked as tipped servers at any of defendants' restaurants in the District of Columbia; (2) individuals who worked as tipped servers at MoCo's Founding Farmers in Maryland; and (3) individuals who worked as tipped servers at Founding Farmers Tysons in Virginia. If you worked in more than one of defendants' restaurants at any time since June 7, 2014, you may be included in more than one of these sub-classes.

4. **YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

If you have worked at Founding Farmers DC, Farmers Fishers Bakers, Farmers & Distillers, MoCo's Founding Farmers, or Founding Farmers Tysons at any time since June 7, 2014, as a tipped server, you may join this lawsuit.

Because this lawsuit is conditionally certified as a Collective Action under the Fair Labor Standards Act, the DCMWA, and the D.C. Sick Leave Act, you are not automatically included in the collective action claims against Defendants. Instead, any server who wishes to be included in the collective action claims, must "opt-in" by timely completing the enclosed consent to sue form.

To join, you must mail or fax the "Consent to Sue" form attached to this document so that it is postmarked or faxed by [Date 60 Days After Notice Is Sent] to Plaintiffs' counsel at:

Molly A. Elkin
WOODLEY & McGILLIVARY LLP
1101 Vermont Avenue, N.W., Suite 1000
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (facsimile)
mae@wmlaborlaw.com

If you fail to return the "Consent To Become Party Plaintiff" form so that it is postmarked or faxed by [Date 60 Days After Notice Is Sent], you will not be included in the collective action claims described in in Paragraph 2.

## 5. EFFECT OF JOINING THIS LAWSUIT

If you choose to join the lawsuit, you will be bound by the Court Judgment or settlement of the parties involved. The attorneys for the collective action sub-classes are being paid on a contingency fee basis, which means that if there is no recovery, you will not have to pay an attorneys' fee. If there is a recovery, the attorneys for the class will be paid 25% of the settlement obtained or money judgment awarded by the jury or the Court.

If you join this action, you may have an obligation to provide information in discovery.

By joining this lawsuit, you will designate the following named plaintiffs as your agents for purposes of the federal, DCMWA, and D.C. Sick Leave Act collective action claims: Shayn Stephens, Anita Clark, Sylvia Rachael Krohn, Austin Hall, Desmond Pitt, and Jeanine Willig. These individuals will be designated as agents for the sub-class composed of servers employed in the defendants' District of Columbia restaurants. Named plaintiff Vanessa Calvillo will also be designated as your agent for the federal claims, as well as serve as the agent for the sub-class composed of individuals employed in defendants' MoCo's Founding Farmers in Maryland. Named plaintiff Shannon Storey will also serve as your agent for purposes of the federal claims, as well as serve as the agent for the sub-class composed of individuals employed in defendants' Founding Farmers Tysons in Virginia.

These individuals will be authorized to make decisions on your behalf concerning all aspects of the lawsuit. By joining the lawsuit, the class attorneys at Woodley & McGillivary LLP will become your attorneys, and you will be entitled to communicate with, provide input, and receive advice directly from them.

## 6. YOUR RIGHT NOT TO PARTICIPATE

If you do not want to participate in the federal claims and/or collective action D.C. claims advanced in this lawsuit, you do not need to do anything. If you do nothing at all, you will not be a part of the federal or collective action D.C. claims advanced in this lawsuit and you will not receive a part of the monetary benefit obtained by the FLSA or the D.C. collective action if any such benefit is obtained. You have the option of filing your own lawsuit within the time provided by law.

If you choose not to join, you will not be affected by any decisions, judgments or settlement rendered with respect to the federal or D.C. collective action claims in this case, whether favorable or unfavorable to the class. However, you will not be precluded from participating in any potential class action under Maryland and/or District of Columbia law, if any such class action is certified, or from receiving a part of the monetary benefits obtained by such a class, if any such benefit is obtained. It is entirely your own decision to join this lawsuit.

## 6. FURTHER INFORMATION

Further information about this lawsuit and/or the deadline for filing a "Consent to Become Party Plaintiff," may be obtained by writing, sending an e-mail, or calling Plaintiffs' counsel listed in Paragraph 4.

## 7. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by the plaintiffs named in paragraph 5, through their attorneys, as counsel for the class.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.**

**CONSENT TO SUE**

**CONSENT TO BECOME A PARTY PLAINTIFF – FARMERS RESTAURANT GROUP**

**OVERTIME PAY, MINIMUM WAGE, AND D.C. SICK LEAVE ACT (as applicable)**

I hereby give my consent to become a party plaintiff in an action to potentially recover overtime and minimum wages under the Fair Labor Standards Act, and to the extent that I worked at any of Defendants' restaurants located in the District of Columbia as a server, I further consent to become a party plaintiff to recover overtime and minimum wages under the DCMWA and for wages and other relief under the D.C. Sick Leave Act. To the extent that I worked at Defendants' restaurant in Maryland, I understand that my overtime and minimum wage claims will be brought under the FLSA and Maryland law. To the extent that I worked at Defendants' restaurant in Virginia, my claims are brought under the FLSA.

NAME _____
         Last Name                    First                         Middle

HOME ADDRESS   _____

                       _____
                             City              State                  Zip Code

CELL PHONE _____   HOME PHONE _____

E-MAIL_____

PLEASE CHECK ALL SUBCLASSES YOU WISH TO JOIN BASED ON LOCATIONS YOU HAVE WORKED AS A SERVER AT ANY TIME SINCE JUNE 7, 2014:

☐ Virginia
☐ Maryland
☐ District of Columbia

I have read the " NOTICE OF LAWSUIT," and I understand that I will be bound by the judgment of the Court on all issues in this case, including the fairness of any settlement.

_____
SIGNATURE